COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-277-CR

 

 

SCOTT MARCUS SNELL                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant
Scott Marcus Snell appeals from his conviction by a jury for the offense of
robbery by threats.  The issue on appeal
is whether the trial court erred by failing to give a requested spoliation
instruction to the jury.  We resolve this
issue in favor of the State and affirm the trial court=s
judgment.








David
Smith arranged to meet Brandi Harper, who had advertised herself as a
prostitute, at a hotel in Arlington. 
When he met her in the hotel room, he noticed that she seemed
nervous.  After he gave her the agreed
amount of money, they sat and talked for a few minutes.  When someone knocked on the door to the room
a few minutes later, Harper told Smith to go in the bedroom and she opened the
door.

Two men,
Sherbrodrick Holloman and Russell Francis, came into the bedroom looking for
Smith.  The men told Smith that he was in
trouble because Harper was underage. 
They also threatened him and demanded his wallet, car keys, and
phone.   

Holloman
and Harper left with Smith=s credit
cards, driver=s license, and car, then drove
to Wal-Mart where they bought a laptop and an X-Box 360.  Francis stayed at the hotel to guard
Smith.  While Harper and Holloman were
gone, Appellant and Rodney Braswell, arrived. 
Appellant brought with him what looked to be crack cocaine and he,
Braswell, and Francis smoked it. 

When
Holloman and Harper came back, they started to give Smith=s things
back to him and let him go.  Appellant
said no and told them he wanted money. 
Harper said that Smith had been through enough, but Appellant
insisted.  He and Braswell told Smith to
come with them to get some money or they would beat him and leave him in a
ditch.  








Braswell
drove Appellant and Smith to a nearby Valero convenience store. They took Smith
inside and had him withdraw $800 from an ATM. 
They also had him charge food, prepaid cell phone minutes, and
cigarettes.  Crystal Jones, the clerk,
thought the men were acting oddly.  She
noticed that Appellant appeared aggressive and that he and Braswell were having
a good time, while Smith looked scared. 
Jones asked Smith if he was okay, and he said that he was not.  As the trio left the store, she held up the
phone and pantomimed to Smith whether she should call for help.  He nodded yes.   

Jones
called 9-1-1 to seek help and to report these events.  A short time later, police saw the men in a
car and pulled them over.  When they
pulled Smith out of the car, he told the police what had happened.  Police found over $600 in Appellant=s
shoe.  The next day they found the items
from Wal-mart in the room where Smith, Holloman, and Francis were staying. 

Jones
testified that the store had a video surveillance system and that she had
reviewed the videotape.  Grand Prairie
Police Detective Heath Wester reviewed the videotape with the store=s
manager.  He asked for the videotape, and
the manager told him that corporate security would provide a copy.  Later he learned that someone with the
company, not anyone at the local store, deleted the contents on the videotape. 








The
defense requested that the court give the jury a spoliation instruction as a
result of the deleted content on the tape.[1]  The court overruled the objection and denied
the requested instruction. 

We now
turn to the questioned presented.  Did
the trial court err by not giving the spoliation instruction?








Appellant=s issue
is whether the trial court erred by not including a spoliation
instruction.  He relies principally on
the analysis set out in Pena v. State, 226 S.W.3d 634 (Tex. App.CWaco
2007), rev=d on other grounds, 285
S.W.3d 459 (Tex. Crim. App. 2009).  This
court has declined to follow Pena and has held that to show a violation
of the Texas Due Course of Law provision, an appellant must show that the State
acted in bad faith.  See Salazar v.
State, 298 S.W.3d 273, 277B79 (Tex.
App.CFort
Worth 2009, pet. ref=d); see also Pachecano v.
State, 881 S.W.2d 537, 542B43 (Tex.
App.CFort
Worth 1994, no pet.) (implying that if appellant were entitled to a spoliation
instruction, he would have to show that the destroyed evidence was material and
that he was significantly prejudiced at trial by its loss, as well as bad faith
by the State).[2]  Here, there is no claim of bad faith on the
part of the State.  

We
conclude that there was no error and affirm the trial court=s
judgment.

 

CHARLES BLEIL

JUSTICE

 

PANEL:  DAUPHINOT and MCCOY,
JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

DAUPHINOT, J. filed a concurring opinion

 

PUBLISH

 

DELIVERED: August 31, 2010











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-277-CR

 

 

SCOTT MARCUS SNELL                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------

I write
separately because I believe that the majority should more fully explain why
the destruction of the videotape that would show what occurred during the
robbery did not require reversal for the denial of a spoliation
instruction.  








Appellant
timely requested preservation of the best evidence of what occurred during the
robbery and of the degree of his culpability. 
Only the police, not Appellant, could seize evidence at the crime scene.[3]  Although Appellant could have subpoenaed the
videotape, there was no trial date, hearing, or deposition schedule that would
have justified a subpoena.  At trial, the
State elicited evidence of the contents of the videotape, and, because the
videotape had been destroyed, Appellant was unable to challenge the accuracy of
the testimony.

I agree
with Appellant that the State had a duty to preserve the videotape.  The State should have seized and preserved
the videotape.  But the police were unaware
that the videotape would be destroyed and did not themselves ever have
possession of the videotape.  Appellant
has not claimed that the State destroyed or encouraged others to destroy the
videotape or that the State even knew that others would destroy it.  Appellant also does not ask us to hold that
the trial court erred by allowing the detective to testify to the contents of
the videotape.  Thus, that issue is not
before this court. 








Is
spoliation the same as failure to preserve the evidence?  If not, Appellant was not entitled to a
spoliation instruction because no party, either directly or indirectly,
destroyed the videotape.  The Texas
Supreme Court has defined spoliation as Aan
evidentiary concept that allows >the
factfinder to deduce guilt from the destruction of presumably incriminating
evidence.=@[4] Because
there was no showing in the trial court that the State caused or knowingly
allowed the videotape to be destroyed, Appellant was not entitled to a
spoliation instruction.

I
therefore respectfully concur in the result only.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  August 31, 2010











[1]The requested instruction
was the following:  

 

You may take note of the
fact that the State had learned of the existence of the videotape that recorded
the Diamond Shamrock location involving the victim and the Defendant.  Such a videotape is, as a matter of law,
material evidence and that had the videotape been available for the jury to
review, it may have exculpated the Defendant regarding the alleged victim=s actions and the
Defendant=s intent.  The fact that the State lost or failed to
preserve the videotape, the Defendant, therefore, did not have an opportunity
to review and present the evidence to you, the jury.  The fact that the State lost or failed to
preserve the video does not in and of itself require you to acquit the
Defendant.  It is, however, one factor
for you to consider in your deliberations. 
If after consideration of all the proof you find that the State failed
to gather or preserve evidence, the contents or quality of which are at issue
and the production may or may not have been a benefit to the Defendant, you may
infer that the absent evidence would be favorable to the Defendant.   





[2]Although not
precedential, these are illustrative of the same principle. See Moore v.
State, No. 74,059, 2004 WL 231323, at *4 (Tex. Crim. App. Jan. 14, 2004)
(not designated for publication) (holding that the trial court did not err by
refusing a requested spoliation instruction when the record did not show that
the item possessed exculpatory value to appellant before it was destroyed, nor
bad faith by the police in its destruction); Payne v. State, No.
02-09-00100-CR, 2010 WL 1730857, at *2B4 (Tex. App.CFort Worth Apr. 29, 2010, no pet.) (mem. op., not
designated for publication) (applying Salazar and holding that requested
spoliation instruction was properly denied).





[3]See Tex. Code Crim. Proc.
Ann. art. 18.01 (Vernon Supp. 2009).





[4]Cire v. Cummings, 134 S.W.3d 835, 843
(Tex. 2004) (citing Trevino v. Ortega, 969 S.W.2d 950, 952 (Tex.
1998)).